IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    CIVIL ACTION NO.  5:06-cv-00726

GARY E. ZINKON, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

On September 20, 2006, the Government filed this action to "reduce to judgment certain federal tax income liabilities assessed against Gary E. Zinkon and to foreclose federal tax liens against real property." [Complaint ¶ 1.] Following the conclusion of discovery, the Government filed a Motion for Summary Judgment [Docket 28]. In response to the Government's motion, Zinkon filed a one-page response which stated that he previously satisfied his tax debt. Following the Court's receipt of Zinkon's response brief, it inquired of the parties regarding whether this case had, in fact, settled. Counsel for both parties have informed the Court that this matter has not settled, and that Zinkon's statements to the contrary were in error. Thus, the Court may properly consider the Government's summary judgment motion. For the reasons stated herein, the motion is **GRANTED IN PART**.

*I.  TAX LIABILITY*[*]

Under the Internal Revenue Code (IRC), employers have a duty to withhold federal income taxes and social security taxes from their employees' wages. 26 U.S.C. §§ 3402(a) & 3102(a). Once

---

[*] As Zinkon does not dispute the Government's factual recitation set out in its memorandum, the Court accepts those undisputed facts.

withheld, the employer holds these taxes "in trust" for the United States. 26 U.S.C. § 7501(a). The employer has a duty to remit withheld taxes, and is liable for the failure to do so. *Plett v. United States*, 185 F.3d 216, 218 (4th Cir. 1999); 26 U.S.C. § 6672(a). Additionally, the IRC imposes liability on officers and employees of a business who (1) are responsible for collecting, accounting for, and remitting payroll taxes, and (2) fail to do so. *Id.*

In 1994, Zinkon purchased Nicoletti's Restaurant in Zanesville, Ohio. In 1994 and 1995, certain payroll taxes which were deducted from the employee's paychecks were not paid to the Government. Zinkon admits that he was responsible for paying those taxes under 26 U.S.C. § 6672(a) and wilfully failed to pay the taxes. Zinkon does, however, dispute the amount of the unpaid payroll taxes.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court must review the motion, even if unopposed, and determine from the facts it has before it whether the moving party is entitled to summary judgment as a matter of law. *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).

"In deciding whether there is a genuine issue of material fact, the evidence of the nonmoving party is to be believed and all justifiable inferences must be drawn in its favor." *Am. Legion Post v. City of Durham*, 239 F.3d 601, 605 (4th Cir. 2001). A mere scintilla of proof, however, will not suffice to prevent summary judgment; the question is "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party"

resisting summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celetex Corp.*, 477 U.S. at 323.

### III. TAX AMOUNT

In its Complaint, the Government seeks $155,323.06, plus accumulated interest after September 23, 2006, and statutory additions as allowed by law. In support of this amount, the Government has submitted verified documentation establishing that Zinkon was assessed, and failed to pay, the trust fund taxes. [*See* Docket 28-5, Exhibits 3 & 4.] The verifications state that the tax amounts listed are those which "appear in the official records of the Internal Revenue Service." [Docket 28-5 at 13 & 17.] In response, Zinkon states that his business records have been lost and that he cannot independently verify the amount of the delinquent payroll taxes.

"The Commissioner's determination of tax liability is presumptively correct and in cases involving section 6672 liability the courts generally have held that the burden is upon the taxpayer to establish that the Commissioner's determination was erroneous." *United States v. Pomponio*, 635 F.2d 293, 296 (4th Cir. 1980). The Court **FINDS** that Zinkon's inability to independently verify his tax debt does not satisfy his burden of establishing that the amounts of the assessments were erroneous.

For the above reasons, the Government's Motion for Summary Judgment [Docket 28] is **GRANTED IN PART** with regard to its claim against Zinkon for $155,323.06, plus accumulated interest after September 23, 2006, and statutory additions as allowed by law.

### IV. FORECLOSURE

In its memorandum, the Government notes that, under the IRC, a federal tax lien attaches to a person's property following an assessment. 26 U.S.C. §§ 6321 & 6322. The Government then

asks the Court to "foreclose the federal tax liens against Gary E. Zinkon's interests in [] 18 parcels of real estate." [Docket 30 at 11.] The Government, however, provides the Court with no guidance regarding the proper procedure for foreclosure on a tax lien. The Court notes that, in its Complaint, the Government asks the Court to (1) determine the priority of the Government's tax lien, (2) order the property sold in accordance with 28 U.S.C. § 2001, and (3) order the proceeds of the sale paid in accordance with the lienholders' priorities, according to the findings of the Court.

As the Government has not provided the Court with the necessary information to make these findings, the Government shall prepare additional briefing and a proposed order regarding the procedure for foreclosing on Zinkon's property by **March 7, 2008.** Zinkon may respond by **March 14, 2008.**

## V. CONCLUSION

Because all triable issues of fact in this matter have been resolved, the Court **SUSPENDS** the remaining dates in the Scheduling Order. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 22, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE