IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                           CIVIL ACTION NO. 5:06-cv-00726

GARY E. ZINKON, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is the United States' Second Motion for Summary Judgment [Docket 38]. For the reasons stated below, the motion is **GRANTED**.

*I. BACKGROUND*

On February 22, 2008, the Court granted in part the United States' first motion for summary judgment. On that date, the Court found that Defendant, Gary E. Zinkon, owed a tax debt to the United States in the amount of $155,323.06, plus accumulated interest after September 23, 2006, and statutory additions as allowed by law. The Court declined to grant the United States' motion inasmuch as it asked the Court to (1) determine the priority of the Government's tax lien on certain parcels of real property owned by Defendant, (2) order the property sold in accordance with 28 U.S.C. § 2001, and (3) order the proceeds of such sale paid in accordance with the lienholders' priorities, according to the findings of the Court. The United States was directed to prepare additional briefing to permit the Court to make the necessary factual findings. Defendants were given seven days to respond to United States' supplemental briefing.

On May 21, 2008, with leave of the Court, the United States filed this second summary judgment motion along with an accompanying memorandum. The motion seeks a judgment order, an order foreclosing federal tax liens, and an order of sale. Despite being granted extension to file a response, Defendants have failed to respond in any manner.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court must review the motion, even if unopposed, and determine from the facts it has before it whether the moving party is entitled to summary judgment as a matter of law. *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).

"In deciding whether there is a genuine issue of material fact, the evidence of the nonmoving party is to be believed and all justifiable inferences must be drawn in its favor." *Am. Legion Post v. City of Durham*, 239 F.3d 601, 605 (4th Cir. 2001). A mere scintilla of proof, however, will not suffice to prevent summary judgment; the question is "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party" resisting summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celetex Corp.*, 477 U.S. at 323.

### III. FORECLOSURE AND SALE

The Court has previously determined the validity of the United States' tax assessments against Defendant. (Docket 35 at 3.) Accordingly, the United States has a lien against all of Defendant's real and personal property, which remains in effect "until the taxpayer's liability 'is satisfied or becomes unenforceable by reason of lapse of time.'" 26 U.S.C. § 6322. Pursuant to 26 U.S.C. § 7403, the Court may order a sale of the property to satisfy the lien, so long as all persons "'having liens upon or claiming any interest in the property'" are joined as parties to the suit. *See United States v. Rodgers*, 461 U.S. 677, 690–93 (1983) (quoting 26 U.S.C. § 7403). After the sale, the Court may order "'a distribution of the proceeds of such sale according to the findings of the court in respect to the interest of the parties and of the United States.'" *Id.* at 693–94 (quoting § 7403(c)). "Innocent third parties thus receive compensation for the sale of their interests." *United States v. Hopkins*, 859 F. Supp. 208, 212 (S.D. W. Va. 1994) (Copenhaver, J.) (citing *Rodgers*, 461 U.S. at 693–94).

Defendants have failed to respond the United States' second motion for summary judgment and no evidence on the record rebuts the United States' factual allegations. There are, therefore, no outstanding questions of material facts and summary judgment as to the United States' request for foreclosure and sale is appropriate. The United States' uncontested evidence indicates that Defendant is the record owner of eighteen tracts of land in Fayette County, West Virginia. (Dockets 28-5; 28-6; 28-7; 28-8). These properties are listed on the attached Addendum. Defendant is the sole owner of fifteen of the properties. Two of the properties, designated as parcels 1 and 15 in the Addendum, are owned by Defendant and Grant Zinkon d/b/a E and E Ventures as joint tenants with right of survivorship. A third property, parcel 13, is owned by Defendant and Grant Zinkon as joint

tenants with right of survivorship. All parties appearing to have a lien on or an interest in the properties are joined in this action. The United States' tax liens apply to Defendant's interests in each of the eighteen listed properties, and each is subject to sale pursuant to 26 U.S.C. § 7403(c).

Regarding the three properties in which Grant Zinkon is a joint tenant, sale of the properties in their entirety will best serve his interests. The Court must consider four criteria when determining whether a non-delinquent owner's interest in property subject to another's tax lien should be sold:

> (1) the extent to which the government's financial interest would be prejudiced if it was limited to the sale of only the partial interest actually subject to the delinquent taxes; (2) whether the third party has a "legally recognized expectation" that his interest would not be subject to a forced sale by the delinquent taxpayer or his creditors; (3) the possibility that the third party will be prejudiced by undercompensation for his interest or by personal dislocation costs; and (4) the relative character and value of the respective possessory and fee interests in the property.

*Hopkins*, 859 F. Supp. at 212 (citing *Rodgers*, 461 U.S. at 710–11).

Based on the uncontested evidence before the Court, it appears that the United States' financial interest would be prejudiced by a sale of a partial interest in the three properties jointly owned by Grant Zinkon. Parcels 1 and 13 are one-tenth and seven-twentieths of an acre, respectively, and parcel 15 appears to be of similar size. Sale of a partial interest in these residential lots undoubtedly would result in a sale at a price disproportionately below the market value of the entire parcel.

Under West Virginia law, property owned jointly is subject to involuntary partition by the creditors of one joint tenant if the interest of other joint tenants will not be prejudiced. *Harris v. Crowder*, 174 W.Va. 83, 322 S.E.2d 854, 861 (1984). Thus, Grant Zinkon has no "legally recognized expectation" that he has a separate property interest that could not be subject to a forced sale by the United States.

Grant Zinkon does not reside on any of the properties subject to sale, and therefore he would suffer no dislocation costs by the sale. Furthermore, as stated above, sale of the properties in their entirety will likely result in a higher total sale price than a sale of each partial interest. Thus, Grant Zinkon will receive the most advantageous compensation for his interest if the properties are sold intact. Grant Zinkon's possessory and fee interest in parcels 1, 13, and 15 are identical to Defendant's, and he is entitled to one-half of the sales proceeds. Accordingly, the sale of the parcels 1, 13, and 15 in their entirety will be ordered.

### IV. PRIORITY

There is no evidence before the Court that any party, other than Grant Zinkon, has a lien on or an interest in the subject properties. (*See* Dockets 1; 14; 39-1.) Accordingly, the United States' tax liens on Defendant's interest in the properties listed in the Addendum shall be satisfied from the proceeds of the sales, subject only to the costs of sale and Grant Zinkon's one-half interest in properties 1, 13, and 15.

### V. CONCLUSION

Based on the foregoing and for the reasons stated in this Court's Memorandum Opinion and Order of March 22, 2008, the Court **FINDS** that the United States has valid tax liens on the eighteen properties listed on the attached Addendum in the amount of $155,323.06, plus accumulated interest after September 23, 2006, and statutory additions as allowed by law. The Court further **FINDS** that these properties are subject to foreclosure and sale, in their entirety, in accordance with 26 U.S.C. § 7403(c) and 28 U.S.C. §§ 2001–02. The United States' Second Motion for Summary Judgment [Docket 38] is hereby **GRANTED**. A Judgment Order and Order of Sale will be filed this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party, the United States Marshal, the Internal Revenue Service's Property Appraisal and Liquidation Specialists, and the County Clerk of Fayette County, West Virginia.

    ENTER:    January 20, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

**ADDENDUM**

1. Real estate situate on Coal Run Creek at Cunard, Plateau District, Fayette County, West Virginia, containing 1/10 of an acre; and more particularly and bounded and described as follows:

   > BEGINNING at a point in line between Lot No. 91-A of the Coal Run Development Company lots, as shown upon a map designated as Coal Run Development Company Lots, dated February 22, 1945 made by H. E. Wilson Engineering Company, File D-1955, of record in the Office of the Clerk of the County Court of Fayette County, West Virginia, in Map Book No. 6, at pages 44 and 45, and the Rush Creek Land Company, said point being S. 29 31' W. 83 feet from a set stone by a large white oak, a common corner of Lots Nos. 91-A and 90 of the aforesaid Subdivision and the Rush Creek Land Company; thence with the common line between the aforesaid Lot No 91-A and the Rush Creek Land Company, S 29 31'W. 250 feet to a stake on the west bank of the coal run Creek; thence down said creek and with the west bank thereof, N 49 26' E. 176.29 feet to a stake; thence leaving the aforesaid creek, N. 5 58' W. 103.45 feet to the beginning, containing 1/10 of an acre, more or less.

   The deed to this property was recorded on March 19, 2001, in the Office of the Clerk of the County Commission for Fayette County, West Virginia, in Deed Book No. 576, at Page 247;

2. Real estate situate in the County of Fayette, Plateau District; "Certification No. 4803, Lot 87 Coal Run Sd."; recorded on February 4, 2003, in the Office of the Clerk of the County Commission for Fayette County, West Virginia, in Deed Book No. 592, at Page 281;

3. Real estate situate in the County of Fayette, New Haven District; "Certification No. 4758, Fee 1/168 of 7/9 Int 183.50 Ac Crooked Ridge"; recorded on March 26, 2003, in the Office

of the Clerk of the County Commission for Fayette County, West Virginia, in Deed Book

No. 593, at Page 435;

4. Real estate situate in Plateau District, Fayette County, West Virginia, Lots Nos. 12 and 13, and more particularly bounded and described as follows:

> LOTS NOS. 12 and 13, in that certain plan of lots entitled "Brooklyn Subdivision as Developed by Southern Coal Corporation, Brooklyn, Fayette County, West Virginia, Scale One-Inch = 100 feet, July 13, 1957, Bennet-Naeve-Thomas Engineering Company, Oak Hill, West Virginia". A map of which is recorded in the Office of the Clerk of the Fayette County Commission in Map Book 15, at Page 19, together with all rights and covenants appurtenant thereto, including the right to use in common with the owners of the other lots, the streets, alleys and ways on said map set forth.

The deed to this property was recorded on January 5, 2004, in the Office of the Clerk of the County Commission for Fayette County, West Virginia, in Deed Book No. 600, at Page 651;

5. Real estate situate in Plateau District, Fayette County, West Virginia, bounded and described as "1/24 OF FEE 386.77/HORSE CK"; recorded April 20, 2004, in the Office of the Clerk of the County Commission for Fayette County, West Virginia, in Deed Book No. 603, at Page 262;

6. Real estate situate in Plateau District, Fayette County, West Virginia, bounded and described as "½ INT FEE 56.03 PAINT CK 9"; recorded April 16, 2004 in the Office of the Clerk of the County Commission for Fayette County, West Virginia, in Deed Book No. 603, at Page 271;

7. Real estate situate in Plateau District, Fayette County, West Virginia, bounded and described as "½ INT OF FEE 20 PAINT CK 8"; recorded April 16, 2004 in the Office of the Clerk of the County Commission for Fayette County, West Virginia, in Deed Book No. 603, at Page 280;

8. Real estate situate in Plateau District, Fayette County, West Virginia, bounded and described as "1/24 INT 59.71/PAINT CK, 272/91"; recorded April 16, 2004 in the Office of the Clerk of the County Commission for Fayette County, West Virginia, in Deed Book No. 603, at Page 288;

9. Real estate situate in Plateau District, Fayette County, West Virginia, bounded and described as "1/24 OF FEE 19.08/PAINT CK"; recorded April 16, 2004 in the Office of the Clerk of the County Commission for Fayette County, West Virginia, in Deed Book No. 603, at Page 296;

10. Real estate situate in Plateau District, Fayette County, West Virginia, bounded and described as "1/24 OF 386.77/HORSE CK 5"; recorded April 16, 2004 in the Office of the Clerk of the County Commission for Fayette County, West Virginia, in Deed Book No. 603, at Page 304;

11. Real estate situate in Plateau District, Fayette County, West Virginia, bounded and described as "1/24 INT FEE 181.92/PAINT CK"; recorded April 16, 2004 in the Office of the Clerk

     of the County Commission for Fayette County, West Virginia, in Deed Book No. 603, at Page 337;

12.    Real estate situate in Plateau District, Fayette County, West Virginia, bounded and described as "1/24 OF FEE 25.53/PAINT CK"; recorded April 16, 2004 in the Office of the Clerk of the County Commission for Fayette County, West Virginia, in Deed Book No. 603, at Page 321;

13.    Real estate situate in Plateau District, Fayette County, West Virginia, bounded and described as

> BEGINNING at an iron pin (found) at the common corner of Lots Nos. 30 and 31 of the Brooklyn Subdivision (Map Book 15, Page 19) and on line of Lot No. 92 of the Coal Run Development Company Subdivision (Map Book 6, Page 44); thence leaving Lot No. 92 and with the common line of Lots Nos. 30 and 31, S 60 28' E 187.14 feet to a steel pin (set) at them corner of Lot No. 31 and on line of Lot No. 30, said steel pin being on the northern right-of-way of WV Secondary Route 19/14; thence with WV Secondary Route 19/14 for the following two calls (1) S 21 05' W 61.65 feet to a point , (2) S 24 51' W 20.35 feet to a spike (set); thence leaving WV Secondary Route 19/14, and with a new line through Lot No. 31, N 59 14' W 197.91 feet to an iron pin (set) on line of
> Lot No. 92; thence with the common line of Lots Nos. 31 and 92, N 29 32' E 77.00 feet to the point of beginning, and containing 0.35 of an acre.

The deed to this property was recorded on July 1, 2004 in the Office of the Clerk of the County Commission for Fayette County, West Virginia, in Deed Book No. 605, at Page 337;

14. Real estate situate in Plateau District, Fayette County, West Virginia, bounded and described

    as "LOT NO. 14 . . . BROOKLYN SUBDIVISION";

    > LOT NO. 14 in that certain plan of lots of Brooklyn Subdivision, a
    > map of which is recorded in the Office of the Clerk of the County
    > Commission of Fayette County, West Virginia, in Map Book 15,
    > Page 19.

    The deed to this property was recorded on November 30, 2004, in the Office of the

    Clerk of the County Commission for Fayette County, West Virginia, in Deed Book No.

    608, at Page 694;


15. Real estate situate in Plateau District, Fayette County, West Virginia, bounded and described

    as

    > LOT NO. 14 as shown on the map or plat of "Coal Run Development
    > Company Lots", dated February 22, 1945, and which said map is of
    > record in the Office of the Clerk of the County Court of Fayette
    > County, West Virginia, in Map Book 6, at Page 44, together with the
    > right to use in common with the owners of the other lands shown
    > upon said map, the streets, alleys and ways thereon set forth.

    The deed to this property was recorded on November 30, 2004, in the Office of the

    Clerk of the County Commission for Fayette County, West Virginia, in Deed Book No.

    608, at Page 696;


16. Real estate situate in Plateau District, Fayette County, West Virginia, bounded and described

    as "SURF 4.82 AC MEADOW GROUNDS"; recorded April 20, 2005, in the Office of the

    Clerk of the County Commission for Fayette County, West Virginia, in Deed Book No. 611,

    at Page 514;

17. Real estate situate in Plateau District, Fayette County, West Virginia, bounded and described as "14 AC COTTON HILL"; recorded April 20, 2005, in the Office of the Clerk of the County Commission for Fayette County, West Virginia, in Deed Book No. 611, at Page 522;

18. Real estate situate in Plateau District, Fayette County, West Virginia, bounded and described as "12.11 AC MTN COVE"; recorded April 20, 2005, in the Office of the Clerk of the County Commission for Fayette County, West Virginia, in Deed Book No. 611, at Page 530.